## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **LOUIS EDWARD FOX** | **CIVIL ACTION NO. 05-1177** |
| **VS.** | **SECTION P** |
| **J.P. YOUNG, ET AL.** | **JUDGE MINALDI**<br>**MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Louis Fox's civil rights suit[1] filed on June 30, 2005. Fox is an inmate in the custody of the Federal Bureau of Prisons (BOP), and is currently incarcerated at the Federal Correctional Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff names the following as defendants herein: the State of Louisiana; FCIO Warden J.P. Young; South Central Regional Director Ronald Thompson; BOP Central Office-National Inmate Appeals Division Employee Harrell Watts; and FCI-Three Rivers Warden Joe D. Driver.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff, formerly incarcerated at FCI-Three Rivers in Texas, alleges that his transfer to FCIO was without due process. He also claims that FCIO placed him in a pilot program against his will. As a result of these actions, plaintiff seeks release from the pilot program, a transfer

---

[1] Plaintiff submitted his complaint on the forms provided for Civil Rights suits filed pursuant to 42 U.S.C. § 1983. Since § 1983 is inapplicable to federal employees and agents, and since the defendants are federal employees or agents, the court construes this claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which authorizes civil rights suits against federal employees or agents.

back to the general population at FCI-Three Rivers, and damages for the psychological injuries that he has suffered, such as paranoia.

## LAW AND ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while short on details, sufficiently establishes his theories of liability, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## No Liberty Interest

Plaintiff alleges that his constitutional rights have been violated because he was transferred from FCI-Three Rivers to FCIO without due process. Plaintiff's claims in this regard must fail as plaintiff does not have a protected liberty interest in being incarcerated in any particular prison facility. See, *Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976)( in the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another); *Sandin v. Conner,* 115 S.Ct. 2293 (1995); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978); *Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989);.*Parker v. Cook*, 642 F.2d 865, 876 (5th Cir. 1981); Simply put, plaintiff's transfer to FCIO did not deprive him of any liberty interest protected by the due process clause, and even the most liberal interpretation of his complaint does not support his allegations that a constitutional violation occurred.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 31st day of October, 2005.

*/s/ Alonzo P. Wilson*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE